UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARIA GARCIA, et al. <br> Plaintiffs, | § <br> § <br> § | |
| vs. | § <br> § | CIVIL ACTION NO. 5:23-CV-00137 |
| WEBB COUNTY, TEXAS, <br> Defendant. | § <br> § <br> § <br> § | |

### DEFENDANT WEBB COUNTY'S MOTION TO STRIKE AND EXCLUDE PLAINTIFFS' EXPERT RALPH D. SCOTT, Jr., PHD.

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Webb County ("Defendant") files this Motion to Strike and Exclude Plaintiffs' Expert Witness Ralph D. Scott, Jr., PhD. In support of this motion, Defendant would respectfully show the Court the following:

### I.
### Standards of Admissibility of Expert Evidence

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court charged trial courts with the task of being "gate-keepers" with regard to excluding unreliable expert testimony. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). A trial court must make a "preliminary assessment of whether the reasoning or methodology underlying the [expert's] testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id*. at 592-93. The principles governing the admission of expert testimony as set forth by the Supreme Court in *Daubert* are now reflected in the language of the Federal Rules of Evidence, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

FED. R. EVID. 702.

Under Rule 702 of the Federal Rules of Evidence, a witness who is qualified by knowledge, skill, experience, training, or education may offer a relevant opinion if: (a) the expert's knowledge will help the trier of fact; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. *E.g., Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007). Also, the Court must determine whether the proposed expert witness has training or experience to offer opinions that are relevant for the expert's testimony to assist the trier of fact. *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562-63 (5th Cir. 2004).

The burden is on the party offering the expert testimony to establish, by a preponderance of the evidence, that the testimony is admissible. *See Moore v. Ashland Chem. Co.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc). The bottomline analysis is whether the testimony "will assist the trier of fact." *See Daubert*, 509 U.S. at 589.

## II. Reasons to Exclude the Testimony of Ralph D. Scott

**A. Opinions and Conclusions.**

The deposition of Ralph D. Scott was conducted on October 10, 2024. It is undisputed that Dr. Scott is unable to testify concerning any specific information concerning Christopher Torres-Garcia. Although Dr. Scott provides in his report that "[a]s a result of his death, Torres-Garcia has been deprived of the ability to partake of the many joys and pleasures of living." Exhibit 1. Dr.

Scott was not "provided any information concerning the things that Mr. Torres enjoyed in life or pleasures he had." Exhibit 2, Page 13 Line 15-25.

> Q. So this is just a numerical value of how you prepared your report, not looking at any specifics of Mr. Torres-Garcia. Is that fair to say?
> A That -- that is absolutely fair.

*Id*. at P14L1-L4. It is clear that the only information utilized were related to Mr. Torres-Garcia's date of birth and date of death to provide the calculations for Dr. Scott's opinions. Specifically, Dr. Scott:

- did not conduct any valuations related to the plaintiffs in this case, which would be his mother, Maria Garcia; father, Lorenso Torres or wife, Nancy Garcia;

- did not include calculations related to any wages or rates of employment that Torres-Garcia had earned in the past;

- did not do any evaluation or take into consideration Torres-Garcia's personal habits – whether he used any illegal drugs, or consumed alcohol, or was addicted to heroin;

- did not consider the number of times Torres-Garcia had been incarcerated; or

- did not consider work history or work-life expectancy.

*Id*. at P18L7 – P19L20 and P20L17-L21. Finally, Dr. Scott did not consider any of the aforementioned when opining on statistical life expectancy. *Id.* at P20.

It is clear that these opinions are based on unreliable assumptions as he has no direct knowledge related to Christopher Torres-Garcia. *Id*. For these reasons, Dr. Scott's opinions should be stricken.

## B. Confusing and Prejudicial

Rule 403 of the Federal Rules of Evidence provides that the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or

confusing the issues. As demonstrated above, Dr. Scott's opinions are based on unsupported and unfounded speculative statements and provide no basis for analysis demonstrating how such testimony "will assist the trier of fact." Such opinion testimony would be unfairly prejudicial and should be excluded under Rule 403.

WHEREFORE, PREMISES CONSIDERED, Defendant Webb County respectfully requests that Ralph D. Scott be excluded as an expert witness.

Respectfully Submitted,

/s/ J. Eric Magee
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
Susana Naranjo-Padron
SBN: 24105688
s.naranjo-padron@allison-bass.com

**ALLISON, BASS & MAGEE, L.L.P.**
1301 Nueces Street, Suite 201
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of November, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to each counsel of record listed below.

T. Dean Malone
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
ATTORNEYS FOR PLAINTIFFS

/s/ J. Eric Magee
J. Eric Magee