UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARIA GARCIA,<br>　Plaintiff,<br><br>vs.<br><br>WEBB COUNTY, TEXAS,<br>　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:23-CV-00137 |

**DEFENDANT WEBB COUNTY'S REPLY TO PLAINTIFFS' RESPONSE TO THE MOTION TO STRIKE AND EXCLUDE PLAINTIFFS' EXPERT CAMERON LINDSAY**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Webb County ("Defendant") files this Reply to Plaintiffs' Response (Dkt. 23) to the Motion to Strike and Exclude Plaintiffs' Expert Witness Cameron Lindsay. In support of the motion, Defendant would respectfully show the additional arguments in this reply to Court as follows:

**I.　Mr. Lindsay's Experience Does Not Make Him Qualified to Testify.**

Plaintiff argues that Mr. Lindsay's experience in federal correctional facilities is comparable to Texas municipal or county correctional experience. Plaintiffs ignore that Mr. Lindsay's own testimony demonstrates that he has no experience in Texas jails, has never been a certified jailer in Texas and has never supervised or trained anyone on the requirements of the Texas Commission on Law Enforcement or Texas Commission on Jail Standards. It is undisputed that Mr. Lindsay has no direct experience operating a Texas jail or providing any oversight on assisting county jails in Texas. In fact, Mr. Lindsay has never even visited a Texas County jail. Finally, Mr. Lindsay has never been through any inspections or consulted on any inspections related to the Texas Commission on Jail Standard nor has he been involved with any audit or

review of a Texas jail. *See* Exhibit 2 (Deposition Transcript of Cameron Lindsay) at P21L16—P22L6; P34L19—L25; P35L—P37L12; P38L13—P39L18; P40L7—L14 (Dkt. 16).

Federal correctional facility standards are not the same as Texas county and municipal standards, and county jail detainees are different from convicted prisoners in the Federal Bureau of prisons. In Texas,

> [t]he Texas Legislature created the Commission on Jail Standards in 1975 to implement a declared state policy that all county jail facilities conform to minimum standards of construction, maintenance and operation. In 1983, the Texas Legislature expanded the jurisdiction of the commission to include county and municipal jails operated under vendor contract. In 1991, the Texas Legislature added the requirement for count, payment, and transfer of inmates when precipitated by crowded conditions as well as expanding the commission's role of consultation and technical assistance. In 1993, the legislative function expanded the role of the commission again by requiring that it provide consultation and technical assistance for the State Jail program. In 1997, the Texas legislature affirmed that counties, municipalities and private vendors housing out-of-state inmates are within the commission's jurisdiction. It is the duty of the commission to promulgate reasonable written rules and procedures establishing minimum standards, inspection procedures, enforcement policies and technical assistance for:
> (1) the construction, equipment, maintenance, and operation of jail facilities under its jurisdiction;
> (2) the custody, care and treatment of inmates;
> (3) programs of rehabilitation, education, and recreation for inmates confined in county and municipal jail facilities under its jurisdiction.

37 Tex. Admin. Code §251.1. Further, the Texas Legislature created the Texas Commission on Law Enforcement (TCOLE) which, in part, "establish[es] minimum standards relating to competence and reliability, including education, training, physical, mental, and moral standards, for licensing as an officer, county jailer, public security officer, or telecommunicator." Tex. Occ. Code Ann. §1701.151(2).

Here, Mr. Lindsay has no direct knowledge or experience with the Texas Commission on Jail Standards and no training or education with TCOLE. As shown in the Motion to Exclude, Mr. Lindsay's deposition clearly demonstrates this lack of experience and knowledge. Any testimony

by Lindsay related to the Texas Commission on Jail Standards' and/or TCOLE's minimum standards would prove to be unreliable, would be misleading, and would only serve to invite speculation by the jury.

Additionally, Plaintiffs attempt to introduce opinions through Mr. Lindsay concerning the American Correctional Association ("ACA") and the National Commission on Correctional Health Care ("NCCHC"). The ACA and NCCHC are completely voluntary organizations and require paid membership fees. As Mr. Lindsay's testimony demonstrates, the ACA or NCCHC are not required statutorily, either by the federal government or by the State of Texas, for any correctional facility to follow these standards. Thus, these voluntary associations do not set any required federal standards/constitutional standards concerning the operation of a Texas County jail. *See* Exhibit 2 at P54L5 – P57L11. Further, Mr. Lindsay does not believe that any county in Texas are members of ACA or NCCHC. *Id.* Any reference to such standards of the NCCHC and/or the ACA would confuse the issues, mislead the jury, and be unfair. Any evidence of and/or discussion of the NCCHC and/or ACA Standards should be excluded under Federal Rule of Evidence 403. Further, these standards are not relevant under Federal Rule of Evidence 401.

Similarly, "[i]n *Bell v. Wolfish*, 441 U.S. 520 (1979), the Supreme Court rejected the argument that prison conditions must reflect those set forth in the American Public Health Association's Standards for Health Services in Correctional Institutions, the American Correctional Association's Manual of Standards for Adult Correctional Institutions, or the National Sheriffs' Association's Handbook on Jail Architecture. *Id.* at 543 n.27. According to the Court, 'while the recommendations of these various groups may be instructive in certain cases, they simply do not establish the constitutional minima; rather, they establish goals recommended by the organization in question.' *Id.* The Court also cautioned that courts defer to administrators on

matters of jail administration 'not merely because the administrator ordinarily will ... have a better grasp of his domain than the reviewing judge, but also because the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial.' *Id.* at 548; *see also Block v. Rutherford*, 468 U.S. 576, 584 (1984) (noting 'the very limited role that courts should play in the administration of detention facilities')." *Brown v. Daniels*, No. 05-20-00579-CV, 2021 WL 1997060, at *13 (Tex. App. May 19, 2021)

Mr. Lindsay cannot merely rest on his credentials and give subjective opinions without providing specific identifiable constitutional standards. "Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible." *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 424 (5th Cir. 1987). Mr. Lindsay must furnish "some objective, independent validation of [his] methodology[; t]he expert's assurances that he has utilized generally accepted [principles] is insufficient." *Brown v. Illinois Cent. R. Co.*, 705 F.3d 531, 536 (5th Cir. 2013) (internal citations omitted). In addition, "allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).

For these reasons, Mr. Lindsay is not qualified to testify in this matter and his opinions should be stricken.

**II.     Mr. Lindsay's Opinions concerning the County's Policies and Procedures are conclusory in the Face of Established Law and Fact and do not have Appropriate Bases.**

Mr. Lindsay's statements/opinions concerning medical issues and his "legal" opinions are based solely on his own conclusions, and not on the Texas Commission on Jail Standards' Rules and Regulations and/or identified and supported constitutional standards that the Webb County jail is required to follow. It is clear that these opinions are based on unreliable assumptions as he

has no direct knowledge of the operations of a Texas jail, the communications between the Texas Commission on Jail Standards and Defendant and has not reviewed any testimony of the fact witnesses. Mr. Lindsay's legal conclusions are neither relevant nor supported by facts or data related to this incident. Further, Mr. Lindsay's statements come with no basis, and no working knowledge of a Texas County jail and the minimum standards that the Texas Commission on Jail Standards and the Texas Commission on Law Enforcement set. He is unable to point to any standards that Webb County and its jailers are required to follow, and cannot refute that Webb County followed all required standards. As demonstrated above, his opinions on such topics are not relevant and would be of no help to the jury. Such opinion testimony would be unfairly prejudicial and should be excluded under Rule 403 of the Federal Rules of Evidence.

### III.    Conclusion

As demonstrated in Defendant's Motion and in the Reply above, Mr. Lindsay is not qualified to opine on any topics discussed because he has no education, training, or experience in a Texas jail. His opinions are not relevant, would be unfairly prejudicial, and should be excluded.

WHEREFORE, PREMISES CONSIDERED, Defendant Webb County respectfully requests that Cameron Lindsay be excluded as an expert witness.

Respectfully Submitted,

/s/ J. Eric Magee_____
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
Susana Naranjo-Padron
SBN: 24105688
s.naranjo-padron@allison-bass.com
**ALLISON, BASS & MAGEE, L.L.P.**
1301 Nueces Street, Suite 201
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 27th day of November, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to each counsel of record listed below.

T. Dean Malone
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
ATTORNEYS FOR PLAINTIFFS

                                                  /s/ J. Eric Magee
                                                  J. Eric Magee