UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARIA GARCIA, et al.<br>　Plaintiffs,<br><br>vs.<br><br>WEBB COUNTY, TEXAS,<br>　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:23-CV-00137 |

**DEFENDANT WEBB COUNTY'S REPLY TO
PLAINTIFFS' RESPONSE TO THE MOTION TO STRIKE AND EXCLUDE
PLAINTIFFS' EXPERT RALPH D. SCOTT, Jr., PHD.**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Webb County ("Defendant") files this Reply to Plaintiffs' Response (Dkt. 25) to the Motion to Strike and Exclude Plaintiffs' Expert Witness Ralph D. Scott, Jr., PhD. In support of the motion, Defendant would respectfully show these additional arguments in this reply to the Court as follows:

In their Response, Plaintiffs attempt to assert that Dr. Scott's generalized, non-specific testimony concerning governmental calculations of life expectancy would "help the trier of fact understand and determine loss of damages." Dkt. 25 at pg. 5. However, Plaintiffs admit that "Dr. Scott's opinions are also not a calculation of how long Mr. Torres-Garcia was expected to live based on his health and lifestyle…." *Id*.

It is well established by the Supreme Court that:

Federal Rule of Evidence 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." This "imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony ... is not only relevant, but reliable.'" *Kumho Tire Co.,*

> *Ltd. v. Carmichael,* 526 U.S. 137, 147, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (quoting *Daubert,* 509 U.S. at 589, 113 S.Ct. 2786, 125 L.Ed.2d 469). The expert testimony must be relevant, not simply in the sense that all testimony must be relevant, Fed.R.Evid. 402, but also in **the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue**. *Daubert,* 509 U.S. at 591–92, 113 S.Ct. 2786, 125 L.Ed.2d 469. Put differently, Rule 702 "requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Id.* at 592, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469.
>
> As to reliability, the Supreme Court has provided five, non-exclusive factors to consider when assessing whether a methodology is scientifically reliable. These factors are (1) whether the expert's theory can be or has been tested, (2) whether the theory has been subject to peer review and publication, (3) the known or potential rate of error of a technique or theory when applied, (4) the existence and maintenance of standards and controls, and (5) the degree to which the technique or theory has been generally accepted in the scientific community. *Daubert,* 509 U.S. at 593–94, 113 S.Ct. 2786, 125 L.Ed.2d 469. The test for determining reliability is flexible and can adapt to the particular circumstances underlying the testimony at issue. *Kumho Tire,* 526 U.S. at 150–51, 119 S.Ct. 1167, 143 L.Ed.2d 238.

*Bocanegra v. Vicmar Servs., Inc.,* 320 F.3d 581, 584 (5th Cir.2003)(emphasis added).

"Relevance depends upon 'whether [that] reasoning or methodology properly can be applied to the facts in issue.' *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). And even when evidence is relevant, "[t]he court may exclude [it] if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, Dr. Scott makes it clear that his report is not based on any information related to Chrsitopher Torres-Garcia with the exception of date of birth, date of death, race and gender and that his report is based solely on governmental calculations of life expectancy, numerical monetary values of what a life, in general, would be valued at without looking at any other factors.

Plaintiffs have not and cannot establish that such a vague opinion by Dr. Scott would assist the jury in understanding evidence in this matter and/or determining a fact in issue. Further, Plaintiffs cannot demonstrate that such opinions substantially outweigh the danger of unfair prejudice, confusion of issues and misleading the jury. By allowing opinions on governmental agencies' calculations of the statistical value of life, Defendant would be unfairly prejudiced by placing significance on the governmental calculations which would mislead and confuse the jury concerning the actual issues related to alleged damages for Christopher Torres-Garcia's value of life when considering his work history, relationships, incarcerations, personal habits – use of illegal drugs, consumption of alcohol, addiction, and homelessness.

As demonstrated in Defendant's Motion and in the Reply above, Dr. Scott's opinions are not relevant, would be unfairly prejudicial, and should be excluded.

WHEREFORE, PREMISES CONSIDERED, Defendant Webb County respectfully requests that that Ralph D. Scott be excluded as an expert witness.

Respectfully Submitted,

/s/ J. Eric Magee
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
Susana Naranjo-Padron
SBN: 24105688
s.naranjo-padron@allison-bass.com

**ALLISON, BASS & MAGEE, L.L.P.**
1301 Nueces Street, Suite 201
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 4th day of December, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to each counsel of record listed below.

T. Dean Malone
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
ATTORNEYS FOR PLAINTIFFS

                                          /s/ J. Eric Magee
                                          J. Eric Magee