UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| MARIA GARCIA, et al. §<br>  Plaintiffs, §<br> §<br>vs. §<br> § CIVIL ACTION NO. 5:23-CV-00137<br> §<br>WEBB COUNTY, TEXAS, §<br>  Defendant. §<br> §<br> § | |

### DEFENDANT WEBB COUNTY'S REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Webb County, Texas, files this Reply to Plaintiff's Response to the Motion for Summary Judgment (Docket "Doc." No. 27, hereinafter "Response"). Defendant would show the Court the following:

### I. OBJECTIONS TO PLAINTIFF'S INTRODUCTION AND "FACTS"

Plaintiff's Response includes approximately five (5) pages of Plaintiff's "Overview and Statement of Issues" and alleged factual background. *See* Response, pgs. 1 – 6. Plaintiff has failed to provide the Court with concise statements of material fact that are supported by citations to summary judgment evidence. *Id*. Plaintiff instead includes numerous factual assertions that are either: (1) impermissible legal arguments and conclusions; (2) misstatements concerning testimony; (3) inappropriate opinions; (4) irrelevant facts and/or beyond the scope of the pleadings; or (5) unknown to the Defendant Webb County at the time of the incident. *Id*. Defendant requests that the Court disregard and strike Plaintiff's introductory section and purported factual background.

In the Overview and Statement of Issues, Plaintiff inserts legal arguments and legal conclusions concerning statements related to "sepsis" and the dangers of sepsis. The sole purpose of these statements is to mislead the Court and opine about Webb County's policies. Plaintiff has provided no citations to summary judgment evidence. Further, such arguments must be supported by case precedent and/or constitutional requirements for medical treatment of detainees. Further, Plaintiff attempts to misconstrue the events as they presented themselves to the correctional officers and medical staff. Specifically, these unsupported and inappropriate arguments include, but are not limited to, sending Torres-Garcia "to his cell to die, despite being in an acute medical emergency, and exhibiting commonly known sepsis symptoms;" "had he received more than a cursory medical evaluation, … would be more likely than not to a reasonable degree of medical certainty alive today; and his "death resulted from a total lack of treatment consistent with County policies, practices and customs."

Throughout Plaintiff's "facts", Plaintiff inserts legal arguments and legal conclusions concerning County policy and medical treatment provided to Christopher Torres-Garcia by using terms and phrases, such as:

- a cursory review that amounted to no medical care;
- obvious abscess on his shoulder (contrary to summary judgment evidence -- MSJ Exhibit 1, Exhibit C at D-000073);
- whether or not detainees received needed medical care or were properly assessed.

Again, the sole purpose of these statements is to mislead the Court and opine about Webb County's policies. These arguments are not facts, but are argument that should be supported by relevant precedent providing for the necessary analysis and application, if any, to the policies and the incident in question. Therefore, Defendant objects to the inclusion of this section and these statements as "facts" because it contains improper argument.

Additionally, Plaintiff provides a section related to "deaths of others in the County jail". Response 4-6. Plaintiff again inappropriately asserts legal arguments throughout this portion. Webb County objects to the inclusion of such arguments as undisputed facts. Plaintiff cannot raise as "facts" her "opinions" related to prior incidents. *See also herein*, Objections to Plaintiff's summary judgment evidence.

## II.   OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

### A. Defendant Webb County requests that the Court strike and exclude Plaintiff's Summary Judgment Evidence.

Webb County objects to each of the following exhibits as each exhibit is subject to objection for relevance and Rule 403. Rule 401 defines relevant evidence as evidence that tends to make a fact that is of consequence in determining the action more probable or less probable than it otherwise would be. Fed. R. Evid. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid 403. These exhibits do not involve a similar incident of a prior occurrence of constitutional deprivation relevant to this case and Plaintiff has failed to demonstrate any of these prior/subsequent incidents' relevance to the facts presented before the Court. Even in the limited circumstance that the cause of death may be attributed, in part, to sepsis, Plaintiff must demonstrate something more than simply her "opinions" and/or reliance on such data of prior incidents. The Fifth Circuit has not been persuaded that such data creates a fact issue on the issue of a pattern of conduct. "Opinion evidence resting heavily on this [type of] data added little if anything. Left without legs, the opinions were little more than suspicion, albeit by informed persons. The weakness in the approach is apparent in its practical effects. It requires the [County]

to defend 'cases within cases' from historical records to justify" prior incidents. *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002).

Under Federal Rule of Civil Procedure 56, the facts set out to support or oppose a motion for summary judgment must be admissible into evidence. Fed. R. Civ. P. 56(c)(4). "In the Fifth Circuit, it is well settled that the admissibility of summary judgment evidence is subject to the same rules of admissibility applicable to trial. The parties must present evidence that is capable of being presented in a form that would be admissible into evidence. The court cannot consider unauthenticated documents or hearsay. The court will also not consider legal conclusions or statements that are not based on personal knowledge. *See* FED. R. EVID. 602, 701, 702." *Flores v. Harris*, No. CV H-17-3817, 2019 WL 1426313, at *6 (S.D. Tex. Mar. 29, 2019)(internal citations and quotations omitted).

Specifically, Webb County objects to the following:

Custodial Death Report – Barrientos, Luis Alberto
- 2018 Custodial Death Report submitted to the Office of the Attorney General stating manner of death from sepsis secondary to acute endocarditis and pneumonitis. Doc. No. 27-1 at 19-24.

Custodial Death Report – Cadena, Jr., Pedro
- 2016 Custodial Death Report submitted to the Office of the Attorney General stating that the detainee had seizure and went into cardiac arrest. Doc. No. 27-1 at 25-31.

Custodial Death Report – Castro, Ashley 32
- 2021 Custodial Death Report submitted to the Office of the Attorney General stating manner of death from complications of COVID-19. Doc. No. 27-1 at 32-37.

Custodial Death Report – Duenas, Jorge Luis
- 2023 Custodial Death Report submitted to the Office of the Attorney General stating manner of death per Webb County Medical Examiner was an Aortic Dissection. Doc. No. 27-1 at 38-43. Additionally, this matter occurred following the current matter before the Court.

Custodial Death Report – McQuarrie, Brian James
- 2022 Custodial Death Report submitted to the Office of the Attorney General stating manner of death was suicide. Doc. No. 27-1 at 44-50. Additionally, this matter occurred following the current matter before the Court.

Custodial Death Report – Reyes, Frederico
- 2016 Custodial Death Report submitted to the Office of the Attorney General stating manner of death was suicide. Doc. No. 27-1 at 51-56.

Custodial Death Report – Serna, Pedro
- 2018 Custodial Death Report submitted to the Office of the Attorney General stating manner of death was from complications of chronic alcoholism. Doc. No. 27-1 at 57-62.

Incident Records & [Custodial Death Report] – Bravo-Garcia, Luis Alberto
- 2015 Custodial Death Report submitted to the Office of the Attorney General stating manner of death was suicide. Doc. No. 27-6 at 289 – Doc. No. 27-7 at 324.

Inspection – Texas Commission on Jail Standards – June 4-6 2018
- 2018 Texas Commission on Jail Standards – Inspection Review concerning:
  - recommendation that the medical staff have the inmate sign for medication when administered or refused during medication pass; and
  - staff to ensure that they sign the bottom of the Mental Health Screening forms and answer the CCQ question. Doc. No. 27-7 at 325-328.

News – Settlement Regarding Death of Luis Barrientos (Doc. No. at 329-334)
- This document purports to be an article from the Laredo Morning Times online entitled "$1.3 settlement reached in wrongful death of Webb County Jail inmate." In addition to the aforementioned objections, Webb County objects that newspaper accounts should not be considered as competent summary judgment evidence because the assertive statements contained therein constitute inadmissible double hearsay. "Generally, newspaper articles are "classic, inadmissible hearsay" and are "unusable to defeat summary judgment." *Hicks v. Charles Pfizer & Co. Inc.*, 466 F. Supp. 2d 799, 804–05 (E.D. Tex. 2005)(citing *Roberts v. City of Shreveport,* 397 F.3d 287, 295 (5th Cir.2005); *see The Barnes Foundation v. Township of Lower Merion,* 242 F.3d 151, 166 n. 8 (3d Cir.2001); *Miller v. Tony & Susan Alamo Found.,* 924 F.2d 143, 146 (8th Cir.1991); *Pennington v. Vistron Corp.,* 876 F.2d 414, 427 n. 15 (5th Cir.1989); *Dallas County v. Commercial Union Assur. Co.,* 286 F.2d 388, 392 (5th Cir.1961); *Achee v. Port Drum Co.,* 197 F.Supp.2d 723, 730 n. 5 (E.D.Tex.2002); *Ladner v. City of N.Y.,* 20 F.Supp.2d 509, 519 (E.D.N.Y.1998), *aff'd,* 181 F.3d 83 (2d Cir.), *cert. denied,* 528 U.S. 1006, 120 S.Ct. 502, 145 L.Ed.2d 388 (1999); *Dowdell v. Chapman,* 930 F.Supp. 533, 541 (M.D.Ala.1996); *Tilton v. Capital Cities/ABC, Inc.,* 905 F.Supp. 1514, 1544 (N.D.Okla.1995), *aff'd,* 95 F.3d 32 (10th Cir.1996), *cert. denied,* 519 U.S. 1110,

117 S.Ct. 947, 136 L.Ed.2d 836 (1997). Newspaper articles are not sworn or certified, and the authors are not subject to cross-examination, rendering such articles incompetent summary judgment evidence. *Id.* (citing *Dowdell,* 930 F.Supp. at 541). "Accordingly, unless an exception to the prohibition against hearsay set forth in Rule 802 applies, the newspaper articles may not be considered as evidence in order to defeat summary judgment." *Id.*; s*ee* Fed. R. Evid. 802.

Prior Incident – Deposition Transcript – Arriaga, Julio
- In addition to the aforementioned objections, Webb County objects to the partial deposition transcript cherry-picked by Plaintiff. Plaintiff has failed to demonstrate the relevance of such testimony to the matter before the Court. Plaintiff has not established that this deponent was involved in the incident that is the subject of the current lawsuit. Doc. No. 27-7 at 335-341. Additionally, this deponent has not been subject to cross-examination in this matter; therefore, this transcript is incompetent summary judgment evidence. Finally, the introduction of this partial deposition testimony to advance their own theory of this case violates Federal Rule of Evidence 106, the rule of completeness, which requires the introduction of complete testimony to "qualify, explain, or place into context the portion already introduced" and "correct an incomplete and misleading impression created by the introduction of part of a writing." *United States v. Herman*, 997 F.3d 251, 264 (5th Cir. 2021).

Prior Incident – Deposition Transcript – Garza-Gongora, M.D., Arturo 342
- In addition to the aforementioned objections, Webb County objects to the partial deposition transcript cherry-picked by Plaintiff. Plaintiff has failed to demonstrate the relevance of such testimony to the matter before the Court. Doc. No. 27-7 at 342 – Doc. No. 27-8 at 366. Additionally, this deponent has not been subject to cross-examination in this matter; therefore, this transcript is incompetent summary judgment evidence. Finally, the introduction of this partial deposition testimony to advance their own theory of this case violates Federal Rule of Evidence 106, the rule of completeness, which requires the introduction of complete testimony to "qualify, explain, or place into context the portion already introduced" and "correct an incomplete and misleading impression created by the introduction of part of a writing." *Herman*, 997 F.3d at 264.

Prior Incident – Deposition Transcript – Magana, Jaime
- In addition to the aforementioned objections, Webb County objects to the partial deposition transcript cherry-picked by Plaintiff. Plaintiff has failed to demonstrate the relevance of such testimony to the matter before the Court. Doc. No. 27-8 at 367-385. Additionally, this deponent has not been subject to cross-examination in this matter related to the Mario Andrade lawsuit; therefore, this transcript is incompetent summary judgment evidence. Finally, the introduction of this partial deposition testimony to advance their own theory of this case violates Federal Rule of Evidence 106, the rule of completeness,

which requires the introduction of complete testimony to "qualify, explain, or place into context the portion already introduced" and "correct an incomplete and misleading impression created by the introduction of part of a writing." *Herman*, 997 F.3d at 264.

Prior Incident – Deposition Transcript – Villanueva, Orlando
- In addition to the aforementioned objections, Webb County objects to the partial deposition transcript cherry-picked by Plaintiff. Plaintiff has failed to demonstrate the relevance of such testimony to the matter before the Court. Plaintiff has not established that this deponent was involved in the incident that is the subject of the current lawsuit. Doc. No. 27-8 at 386 – Doc. No. 27-9 at 409. Additionally, this deponent has not been subject to cross-examination in this matter; therefore, this transcript is incompetent summary judgment evidence. Finally, the introduction of this partial deposition testimony to advance their own theory of this case violates Federal Rule of Evidence 106, the rule of completeness, which requires the introduction of complete testimony to "qualify, explain, or place into context the portion already introduced" and "correct an incomplete and misleading impression created by the introduction of part of a writing." *Herman*, 997 F.3d at 264.

Prior Incident – Andrade, Mario – Doc. No. 27-9 at 410-415
- In addition to the aforementioned objections, Webb County objects to partial records from a prior lawsuit cherry-picked by Plaintiff. Plaintiff has failed to demonstrate the relevance of the documents to the matter before the Court. Plaintiff fails to provide an exception to the prohibition against hearsay set forth in Rule 802; therefore, these documents may not be considered as evidence in order to defeat summary judgment. Finally, the introduction of this partial records to advance their own theory of this case violates Federal Rule of Evidence 106, the rule of completeness, which requires the introduction of complete testimony to "qualify, explain, or place into context the portion already introduced" and "correct an incomplete and misleading impression created by the introduction of part of a writing." *Herman*, 997 F.3d at 264.

Prior Incident – Autopsy Report – Andrade, Mario – Doc. No. 27-9 at 416-441
- In addition to the aforementioned objections, Webb County objects to an autopsy report from another lawsuit. Plaintiff has failed to demonstrate the relevance of this report to the matter before the Court. Plaintiff fails to provide an exception to the prohibition against hearsay set forth in Rule 802; therefore, this document may not be considered as evidence in order to defeat summary judgment.

Prior Incident – Booking – Andrade, Mario Doc. No. 27-9 at 442
- In addition to the aforementioned objections, Webb County objects to a partial record from a prior lawsuit cherry-picked by Plaintiff. Plaintiff has failed to demonstrate the relevance of this document to the matter before the Court. Plaintiff fails to provide an exception to the prohibition against hearsay set forth

in Rule 802; therefore, this document may not be considered as evidence in order to defeat summary judgment. Finally, the introduction of this partial document to advance their own theory of this case violates Federal Rule of Evidence 106, the rule of completeness, which requires the introduction of complete testimony to "qualify, explain, or place into context the portion already introduced" and "correct an incomplete and misleading impression created by the introduction of part of a writing." *Herman*, 997 F.3d at 264.

Prior Incident – Expert Report – Gustin, M.D., Barry
- In addition to the aforementioned objections, Webb County objects to an expert report from another lawsuit. Plaintiff has failed to demonstrate the relevance of this report to the matter before the Court. Plaintiff has not established that this previous expert witness was involved in the incident that is the subject of the current lawsuit. Doc. No. 27- at 443-460. Additionally, this expert witness has not been subject to cross-examination in this matter; therefore, this report is incompetent summary judgment evidence.

Prior Lawsuit – Original Complaint - *Moreno et al v. Webb County, Texas*; Civ. Action No. 5:11-CV-48; Southern District – Laredo Division -- Doc. No. 27-9 at 461-468.
- In addition to the aforementioned objections, Webb County objects to an Original Complaint from an unrelated lawsuit filed on April 28, 2011, as pleadings as not summary judgment evidence. *Wallace v. Texas Tech University,* 80 F.3d 1042, 1046 (5th Cir.1996), *citing Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)(*en banc*).

Prior Lawsuit – Order and Memorandum Denying Webb County's Motion for Summary Judgment – *Irene Herrera, et al, v. Webb County, Texas;* Civil Action No. 5:17-CV-00237; Southern District – Laredo Division Doc. No. 27-9 at 469-486.
- In addition to the aforementioned objections, Webb County objects to an Order and Memorandum from a previous lawsuit. Specifically, Plaintiff cannot attempt to compare the facts in that previous lawsuit to the immediate medical attention provided to Christopher Torres-Garcia in this matter. The Order and Memorandum is completely *inapposite*.

For these reasons, Plaintiff appears to offer this evidence for precisely the purpose that the Federal Rules of Evidence prohibit. Plaintiff offers no clear explanation of how these prior and/or subsequent incidents demonstrate admissible proof to support her conditions of confinement claims or in the alternative, her episodic acts and/or omissions claims. Therefore, Webb County requests that the Court strike and exclude Plaintiff's summary judgment evidence.

**B. Defendant Webb County requests that the Court strike/exclude Plaintiff's Summary Judgment Evidence or allow Webb County to supplement.**

Webb County objects to each of the following exhibits under the rule of optional completeness, additional testimony is required to provide relevant context of Plaintiff's arguments regarding the testimony of: (1) Deposition Transcript – Aguilera, Jessica (Doc. No. 27-1 at 63 – 77); (2) Deposition Transcript – Cuellar, Martin (Doc. No. 27-1 at 78 – Doc. No. 27-2 at 103); Deposition Transcript – Elizondo, Ramiro (Doc. No. 27-2 at 104-120); Deposition Transcript – Gonzalez, Ivan (Doc. No. 27-2 at 121-140); Deposition Transcript – Hernandez, Jose (Doc. No. 27-2 at 141-154); Deposition Transcript – Molina, Oscar (Doc. No. 27-2 at 155-182); Deposition Transcript – Sarquiz-Ortega, Mariana (Doc. No. 27-2 at 183 – Doc. No. 27-3 at 211); and Deposition Transcript – Webb County, Texas (Doc. No. 27-3 at 212-234).

"Federal Rule of Evidence 106, which 'partially codifies' the common law rule of completeness, 'guards against admission into evidence of truncated statements likely to present an out-of-context picture to the jury.'" *Herman*, 997 F.3d 251 at 263. (quoting *United States v. Jones*, 663 F.2d 567, 571 (5th Cir. 1981)). Federal Rule of Evidence 106 provides, "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time." "Federal Rule of Evidence 106 also requires the introduction of a writing or recorded statement only when the omitted portion is necessary to qualify, explain, or place into context the portion already introduced." *Herman*, 997 F.3d at 264.

For these reasons, Webb County requests that the Court strike and exclude Plaintiff's summary judgment evidence. In the alternative, Webb County requests that the Court afford it the opportunity in fairness to supplement this deposition testimony in order to present complete context of the testimony submitted.

### III. REPLY TO RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Webb County incorporates all arguments and evidence filed in its Motion for Summary Judgment. Defendant asserts that this matter should be dismissed in its entirety and offers this additional reply.

Here, Plaintiff alleges no explicit policy statement, ordinance, regulation, or decision officially adopted or promulgated. Therefore, Plaintiff must allege a custom or practice – Plaintiff alleges that "[d]etainees routinely received inadequate, cursory medical care that amounted to no care at all." Response at 12. Plaintiff attempts to rely on previous, unrelated jail deaths to support their claims; however, they are far from demonstrating a persistent, widespread practice of failing to provided necessary medical care. Further, Plaintiff has not and cannot cite to any supporting case precedent related to her claims. Finally, Plaintiff fails to even muster specific facts supported by summary judgment evidence to show that a failure to assess and provide necessary medical care existed.

Additionally, without any case precedent to support her assertions, Plaintiff inappropriately states that "County jailers also did not know how to recognize the signs and systems of pneumonia" and "were not informed regarding how to recognize serious health issues such as abscesses that could lead to sepsis." Further, Plaintiffs argue that "the County did not have any policies regarding how to recognize sepsis or signs or posters on how to recognize sepsis." Plaintiff has not and cannot provide any case precedent identifying such constitutional requirements. It is clear that Plaintiff is attempting to establish a custom of unconstitutional conduct in general. The summary judgment evidence as demonstrated below shows no unconstitutional conduct as to the specific constitutional claims. Therefore, no fact issue has been created and summary judgment must be granted.

Case 5:23-cv-00137   Document 28   Filed on 01/10/25 in TXSD   Page 11 of 17

Instead, the summary judgment evidence undisputedly establishes that the Texas Commission on Jail Standards "Inspector Wendy Wisneski reviewed all submitted documentation to ensure compliance with minimum jail standards. After careful review, it was determined **there appears to be no violation of minimum standards and no further action is warranted at this time**." Webb County Motion for Summary Judgment ("MSJ") Exhibit 5 (emphasis added). The Texas Rangers Report had no findings of wrongdoing on the part of any employee of the Webb County Jail or Webb County, Texas. MSJ Exhibit 1, Exhibit C.

> Specifically, Webb County had a contract with a medical provider that required:
>
> Physician (Dr. Arturo G. Garza Gongora, M.D.) will provide twenty-four (24) hour health care to detainees at the Webb County Law Enforcement Center. Physician shall provide visits on Monday and Wednesday of the week, from approximately 1:00 p.m. to 3:00 p.m. at the Webb County law Enforcement Center for the purpose of providing all necessary medical services to adult inmates. These hours may vary depending on the number of inmates to be services. The Physician shall render emergency treatment to any and all detainees when such service are required and for the purpose, the Physician shall be "on call" on a twenty-four (24) hour basis daily. The Physician shall maintain complete and accurate records of all care, treatment, and examinations of all detainees.
>
> Physician will serve as medical director for all of the medical services provided to the detainees of the Webb County Law Enforcement Center…
>
> … Physician will make available an x-ray machine (either analog or digital), film processor (if necessary), and related accessories for installation and use at a suitable site within the Webb County Law Enforcement Center. Physician will provide for a certified x-ray technician to take the chest x-rays at the Webb County Law Enforcement Center on a regularly scheduled dates and times, as may be needed, within a Monday to Friday work week. Physician will be responsible for film processing and developing of chest x-rays as well as taking responsibility to have the chest x-rays read and interpreted by a physician.

Plaintiff's Exhibits at Doc. No. 27-1 at 12-13.

The summary judgment evidence undisputedly establishes that Webb County had policies that comply with constitutional requirements, as well as minimum jail standards of the Texas Commission on Jail Standards. MSJ Exhibit 5; *see also*, MSJ Exhibit 1, Exhibit H. Specifically,

the Webb County Jail's Health Service Plan provides, in part, that "[e]mergency medical service is available around the clock by notifying the jailer on duty who will ensure that assistance and treatment is provided." *Id.*

Torres-Garcia's initial intake and booking into the Webb County Jail on December 1, 2021, demonstrated that he advised the Webb County jail staff that he had not been hospitalized, had abused drugs (heroin), had no suicidal ideations, had no complaints and was in no distress; however, he requested "detox due to recreational drug usage, Heroin/gram daily, last time used was this morning."  MSJ Exhibit 1, Exhibit E at D-000138; D-000150; *see also*, MSJ Exhibit 1, Exhibit F at D-000155.

> 12/01/21  3:24 pm    Inmate seen and medically cleared outside in sally port. COVID-19 tested and result Negative. Inmate A/Ox3, no complaints, no suicidal ideations, no distress noted at present time, cooperative. Inmate states he uses the following recreational drug Heroin (last time used was this morning), also states the amount used is 1 gram daily. Inmate requests detox. Inmate will be in Heroin Detox, will be monitored and will follow protocols as ordered. Inmate denies any other medical concerns at present time. V/S are as follows: B/P: 142/46, P: 72, RR: 18 T: 98.1, SP02: 97% at room air, asymptomatic.

*Id*. at Exhibit F at D-000155.

Pursuant to Torres-Garcia's self-report and medical request, the Medication Administration Record demonstrates that withdrawal medication (Clonidine, Vistaril, and Remeron) were provided.  MSJ Exhibit 1, Exhibit G at D-000136; *see also*, MSJ Exhibit 1, Exhibit I at D-000172; Exhibit F at D-000145. Torres-Garcia refused the withdrawal medication on December 3rd through December 6th. *Id*. at Exhibit G at D-000137.  There is no summary judgment evidence that supports Plaintiff's allegations that anyone at the Webb County jail knew that Torres-Garcia was suffering from sepsis and should be taken to the hospital emergency room as soon as possible.  Further, there is no summary judgment evidence that establishes that providing antibiotics amounts to no medical care at all.

Although Plaintiff attempts to assert that the medical personal only provided a cursory review that amounted to no medical care, the summary judgment evidence demonstrates that on December 7th, a nurse during "pill pass" was informed by Torres-Garcia that "he had 'shot up wrong' and his arm was infected. **The left-arm did not have an open abscess**." MSJ Exhibit 1, Exhibit C at D-000073 (emphasis added). The nurse immediately followed protocol and he was provided antibiotics (Clindamycin and Bactrim) due to his self-complaint of an infection from IV heroin. MSJ Exhibit 1, Exhibit F at D-000140 and Exhibit G at D-000136.

On December 8, 2021, Torres-Garcia requested assistance which resulted in immediate action by the correctional officers – the correctional officers promptly sought medical treatment for him. Specifically, CO Molina was advised by Torres-Garcia that "he was feeling anxious, that he wasn't feeling good" and he decided to take Torres-Garcia to Medical for further actions. MSJ Exhibit 1, Exhibit B at D-000042; *see also*, MSJ Exhibit 1, Exhibit C at D-000083 and Exhibit F at D-000155. In the medical department, Torres-Garcia requested something for anxiety and complained of left arm pain. *Id*. Following the discussion with medical personnel, Torres-Garcia calmed down and was assured that he would be prescribed/continued on antibiotics. *Id*. **Torres-Garcia's vitals were normal**. *Id*. (emphasis added).

After lunch on December 8th, Torres-Garcia requested assistance from the correctional officers at his cell, Cell 110, by stating that he did not feel good and that his chest hurts. MSJ Exhibit 1, Exhibit B at D-000039. Torres-Garcia was immediately removed from his cell and was unable to walk to the medical department. MSJ Exhibit 1, Exhibit B at D-000039—000041 and Exhibit F at D-000142—000143, *see generally*, MSJ Exhibit 1, Exhibit C. The correctional staff called for medical assistance and medical staff came to the cell with a wheelchair. *Id*. Medical personnel requested that dispatch contact emergency medical services and continued medical care

for Torres-Garcia until the arrival of Laredo Fire Department, Emergency Medical Services. *Id*.; *see also*, MSJ Exhibit 1, Exhibit C at D-000085. Torres-Garcia was transported to the hospital. MSJ Exhibit 1, Exhibit F at D-000141—000144; *see also*, Exhibit B at D-000043—000044.

A.   **Conditions of Confinement Claims**

As demonstrated by the summary judgment evidence, Plaintiff has not demonstrated "a *pervasive pattern* of serious deficiencies in providing for [the detainee's] basic human needs." *Shepherd v. Dallas Cnty.,* 591 F.3d 445, 454 (5th Cir. 2009). Therefore, "any lesser showing cannot prove punishment in violation of the detainee's Due Process rights." *Id*. Further, "isolated examples of illness, injury, or even death, standing alone, cannot prove that conditions of confinement are constitutionally inadequate." *Id.* Showing a pattern sufficient for a conditions-of-confinement claim "is a heavy burden, one that has rarely been met in our caselaw." *Shepherd,* 591 F.3d at 452.

B.   **Episodic Acts**

As the summary judgment evidence establishes, Plaintiff failed to sufficiently plead deliberate indifference. Plaintiff must show that the an "official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted." *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000). Plaintiff must establish with summary judgment evidence that jail officials drew the inference that a substantial risk of serious harm existed – even assuming the facts they allege establish that jail officials knew – Plaintiff has alleged no more than negligence on the part of jail officials. At every instance of a request by Torres-Garcia, jail officials took immediate action for him to be seen by medical and medical staff took action to assess his complaints.  Therefore, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his

medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). "Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment." *Id*. (*quoting Domino v. Texas Dep't of Crim. Justice,* 239 F.3d 752, 756 (5th Cir.2001)(internal quotations and citations omitted). A showing of deliberate indifference requires Plaintiff to submit summary judgment evidence that jail officials "refused to treat [Torres-Garcia], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. "Deliberate indifference 'is an extremely high standard to meet" and negligence does not meet that "extremely high standard." *Id*.

The summary judgment demonstrates that Plaintiff has not and cannot establish that a persistent, widespread custom or practice constituted deliberate indifference and violated any constitutional rights.

**C.     Policy Maker Must Have Knowledge of Prior Similar Incidents to Become Policy**

As demonstrated herein, there is no summary judgment evidence that shows that Sheriff Cuellar had actual or constructive knowledge that a policy by custom or practice existed that violated Torres-Garcia's constitutional rights.

**D.     Post-Incident and/or Other Incidents**

Plaintiff's collection of unsimilar incidents fail for the same reason as demonstrated by the summary judgment evidence. Although Plaintiff attempts to point to several incidents that occurred in the past, prior incidents must be similar and specific. *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009) (quotations marks and citations omitted). "Proving a custom or practice "requires sufficiently numerous prior incidents, as opposed to [separate] isolated instances." *Id.*

prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question." *Id.* (quotation marks and citation omitted). Isolated incidents of official misconduct by a governmental entity's non-policymaking employees are inadequate to prove knowledge and acquiescence by the entity's policymakers. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992).

*Id.*

Here, there are no facts to suggest that the examples identified overcome the summary judgment evidence that establish that upon every request and/or complaint Webb County correctional staff and medical staff attempted to provide assistance to him.

### IV.   PRAYER

Defendant requests that the Court: (1) grant Defendant's objections to Plaintiff's "overview and statement of issues" and "facts" found in Plaintiff's Response to Defendant's Motion for Summary Judgment; and (2) grant Defendant's objections and strike Plaintiff's summary judgment evidence to Plaintiff's Response to Defendant's Motion for Summary Judgment.

Additionally, Plaintiff has not and cannot produce any evidence to substantiate allegations of constitutional violations. For these reasons, Defendant Webb County requests that the Court grant its Motion for Summary Judgment dismissing Plaintiff's claims in their entirety, enter judgment that Plaintiff(s) take nothing, assess costs against Plaintiff(s), and award Defendant Webb County all other relief to which it is entitled.

Respectfully Submitted,

/s/ J. Eric Magee_____
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
Susana Naranjo-Padron
SBN: 24105688
s.naranjo-padron@allison-bass.com

**ALLISON, BASS & MAGEE, L.L.P.**
1301 Nueces Street, Suite 201
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

### CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to each counsel of record listed below.

T. Dean Malone
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
ATTORNEYS FOR PLAINTIFF

/s/ J. Eric Magee
J. Eric Magee